**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

FLORIDA MOVING & STORAGE, INC.                            Case No. 16-19652-JKO
D/B/A RAPID MOVERS,                                      Chapter 11

               Debtor in Possession.

_____/

FLORIDA MOVING & STORAGE, INC.                            Adv. No.
D/B/A RAPID MOVERS,

               Plaintiff,

v.

BENJAMIN FREDERICK MCCRAY,
AND BOBBY LEE BOLT,

               Defendants.

_____/

**ADVERSARY COMPLAINT FOR INJUNCTION TO EXPAND SCOPE OF**
**AUTOMATIC STAY TO DISTRICT COURT CO-DEFENDANTS,**
**CHRISTOPHER TRAINI AND AMY BRANIGAN, PURSUANT TO 11 USC §362(a)**

      Plaintiff/Debtor, Florida Moving & Storage, Inc., (the "Debtor" or "Florida Moving"), by

and through undersigned counsel, sues Defendants Benjamin Frederick McCray and Bobby Lee

Bolt (the "Defendants") for an injunction expanding the scope of the automatic stay to include

District Court Co-Defendants, Christopher Traini and Amy Branigan, pursuant to 11 U.S.C.

§362(a) and for cause states as follows:

**JURISDICTION**

      1.     This Court has jurisdiction to consider this Proceeding pursuant to 28 U.S.C.

§§157 and 1334 and the Federal Rules of Bankruptcy Procedure 7001. This matter is a core

proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory basis for the relief requested in this Motion is Bankruptcy Code section 362(a).

## BACKGROUND

2.    On November 18, 2015 Benjamin Frederick McCray and Bobby Lee Bolt (the "Plaintiffs") filed an amended complaint (the "Complaint"), attached hereto as Exhibit "A", against Florida Moving & Storage, Inc. D/B/A Rapid movers, Christopher Traini, and Amy Branigan in the District Court for the Southern District of Florida, Case No. 15-cv-61802-JAL (the "District Court Proceedings").

3.    On July 11, 2016 (the "Petition Date") Debtor, Florida Moving & Storage, Inc., filed with this Court a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

4.    Debtor continues to operate its business as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. Debtor is a business that provides moving and storage services for personal and business customers with business premises at 5634 SW 25th Street, West Park, FL 33023.

5.    Plaintiffs in the District Court Proceeding assert that they performed services for Debtor as movers and drivers and are requesting recovery for allegedly unpaid wages from the Debtor, Christopher Traini and/or Amy Branigan (the "Non-Debtors").

6.    Pursuant to 11 U.S.C. §362(a), the filing of a petition for reorganization under Chapter 11 of the Bankruptcy Code automatically stayed recovery of claims against Florida Moving & Storage, Inc. that arose before the Petition Date.

**RELIEF REQUESTED**

7.      By this Adversary Proceeding, Debtor respectfully requests the entry of a judgment against the Defendants expanding the scope of the automatic stay be expanded to include District Court Co-Defendants, Christopher Traini and Amy Branigan, pursuant to Bankruptcy Code section 362(a).

**BASIS FOR RELIEF**

8.      The scope of the automatic stay should be extended and applied to the District Court Proceedings ongoing against non-debtor defendants, Christopher Traini and Amy Branigan.

9.      Prosecution of the District Court case against either Non-Debtor will have an immediate adverse economic consequence for the Debtor's estate. Debtor and Non-Debtors share such an identity that a judgment against either Non-Debtor will in effect be a judgment against Debtor.

10.      If the lawsuit is permitted to go forward, it will serve as a distraction to key Debtor personnel and thus, cause irreparable harm to Debtor's reorganization efforts.

11.      Here, application of §362(a) to the District Court Proceedings against Non-Debtors is warranted as it furthers the purposes behind the stay.

**Immediate Adverse Economic Consequence/Unusual Circumstances**

12.      A bankruptcy court may properly stay proceedings against non-bankrupt co-defendants where "unusual circumstances" exist. In re Lomas Financial Corp., 117 B.R. 64, 68 (S.D.N.Y. 1990).

13.      Such circumstances exist "when there is such identity between the debtor and the third party defendant that the debtor may be said to be the real party defendant and that a

judgment against the third party defendant will in effect be a judgment or finding against the debtor." Id.

14.    Stated differently, the automatic stay can apply to non-debtors "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003).

15.    Here, Florida Moving & Storage, Inc. is wholly owned by Christopher Traini and adjudication of a claim against Traini will have an immediate adverse economic impact on Florida Moving. See id. at 288 ("[T]he stay applies to Queenie because it is wholly owned by Gardner, and adjudication of a claim against the corporation will have an immediate adverse economic impact on Gardner.)

16.    In Queenie, it was the individual declaring bankruptcy whereas here it is the company, but the same principles apply. The District Court Proceedings will distract Florida Moving's key personnel and Florida Moving will suffer adverse economic consequences as a result.

17.    In re Lomas is on point. In that case, two key officers of a bankrupt corporation were being sued and the court expanded the stay that automatically protected the corporation to also include the key officers.

18.    Here, Non-Debtors are such an integral part of Florida Moving that allowing proceedings to move forward against them is tantamount to allowing proceedings to move forward against Florida Moving.

19.    Plaintiffs in their amended complaint recognize the major roles both Non-Debtors assume within Florida Moving. See Complaint at 2 (alleging Defendants Christopher Traini and

Amy Branigan "effectively dominate" Florida Moving and have the power to act on behalf of the corporation).

20.     The relationship between Florida Moving and Non-Debtors is of such identity that a judgment against either Non-Debtor is equivalent to a judgment against Florida Moving. In <u>In re Lomas</u>, the Court expanded the scope of the automatic stay to protect the non-debtor because the relationship between debtor and non-debtor was such that the debtor may be said to be the real party defendant if a judgment was entered against the non-debtor.

**<u>Irreparable Harm</u>**

21.     Section 362(a) should be expanded to stay recovery of claims against Non-Debtors. Otherwise, Florida Moving's reorganization efforts will suffer irreparable harm. <u>See</u> <u>Lomas</u>, 117 B.R. at 67 (holding that if the lawsuit against officers of the corporation were permitted to continue, "key personnel would be distracted from participating in the reorganization process causing [the debtor corporation] and its creditors both immediate and irreparable harm"); <u>see</u> <u>also</u> <u>In re Otero Mills, Inc.</u>, 21 B.R. 777, 779 (Bankr. D.N.M. 1982) (where the court found that irreparable harm would come to debtor if injunction was not issued).

22.     Both Non-Debtors are heavily involved in the operation of Florida Moving. Christopher Traini is the sole shareholder of Florida Moving. He is responsible for making all major decisions regarding the company, attracting and retaining new business, maintaining relationships, overseeing operations, and practically everything else that comes with running a small business.

23.     Amy Branigan is Florida Moving's Operations Manager and key to the company's day to day operations. She runs the office by herself and handles all of the company's financials.

24.     Together, Traini and Branigan are the lifeblood of Florida Moving and as such are involved heavily in the reorganization effort. Any lawsuit permitted to proceed against either Traini or Branigan "would serve as a distraction to key . . . personnel, thus causing the corporation and its reorganization plan irreparable harm." Id. at 67.

25.     Moreover, proceeding with discovery would impose a burden on Florida Moving and further divert Florida Moving's resources and attention away from the bankruptcy process because all discovery issues would be handled by Traini and Branigan. See, e.g., In re Jefferson County, 491 B.R. 277, 290 (Bankr. N.D. Ala. 2013) (holding that the Section 362(a) stay applies to proceedings against non-debtor defendants when discovery in those proceedings impose a burden on the debtor that would substantially hinder the debtor's reorganization).

26.     Granted, the discovery processes in that case and cases cited by that court were much larger as compared to this case, but the companies in those cases were significantly larger than Florida Moving and had more resources and personnel to devote to the process.

27.     Here, in addition to Traini and Branigan's responsibilities of running Florida Moving and developing a reorganization plan, the obligation of having to produce documents, attend depositions, meet with counsel to discuss the lawsuit, etc. would be a significant burden.

### Furthers Purpose of Stay

28.     "Courts routinely cite the purpose behind the automatic stay when applying it to non-debtors." Id. at 285.

29.     "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into

bankruptcy." Lomas, 117 B.R. at 67 (where the court upheld a bankruptcy court's imposition of the stay in a suit against officers of the debtor where the allegations in the complaint were actually against the debtor).

30.    Here, Plaintiffs' allegations in the lawsuit at issue are directed at Debtor and Non-Debtors alike. They make no distinction between Debtor and Non-Debtors, treating Non-Debtors as alter egos of Florida Moving.

31.    Since Plaintiffs are seeking unpaid wages from Florida Moving, Florida Moving is the real party defendant.

32.    If the lawsuit was filed after bankruptcy proceedings were initiated, it would clearly be an attempt to end run the automatic stay protecting Florida Moving.

33.    That the timeline is reversed should not elevate form over substance. See Lomas, 117 B.R. at 68 (agreeing with the bankruptcy court's finding that naming the non-debtors in the lawsuit was a "transparent attempt . . . to end run the automatic stay").

34.    Allowing the lawsuit to proceed against either Traini or Branigan would thwart the purpose of the automatic stay. "It would significantly infringe on [Florida Moving's] 'breathing spell' by requiring it to expend significant time and resources defending its interests in the action. Jefferson County, 491 B.R. at 287.

35.    Applying the automatic stay to encompass Non-Debtors here furthers the purpose behind the stay, gives Florida Moving a true breathing spell, and allows the Chapter 11 reorganization efforts to move forward without distraction.

**WHEREFORE**, Debtor petitions this Court to enter a judgment:

1.    Expanding the scope of the automatic stay to include Co-Defendants Christopher Traini and Amy Branigan;

2.      Granting such other relief as this Honorable Court may deem just and proper.

Dated: August 5, 2016

**VAN HORN LAW GROUP, P.A.**
330 N Andrews Ave., Suite 450
Fort Lauderdale, FL 33301
Telephone: (954) 765-3166
Facsimile: (954) 756-7103
Email: Chad@cvhlawgroup.com

By: /s/  **Chad T. Van Horn, Esq.**
Chad T. Van Horn, Esq.
Florida Bar No. 64500

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:** 15-61802-civ-Lenard/Goodman

BENJAMIN FREDERICK MCCRAY,
AND BOBBY LEE BOLT,

          Plaintiffs,

v.

FLORIDA MOVING & STORAGE, INC.
D/B/A RAPID MOVERS,
CHRISTOPHER TRAINI, AND
AMY BRANIGAN,

          Defendants.

_____/

## <u>FIRST AMENDED COMPLAINT</u>
*{Jury Trial Demanded}*

Plaintiffs, BENJAMIN FREDERICK MCCRAY and BOBBY LEE BOLT, bring this action against Defendants, FLORIDA MOVING & STORAGE, INC. D/B/A RAPID MOVERS, CHRISTOPHER TRAINI, and AMY BRANIGAN, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 <u>et seq.</u>, and allege as follows:

1.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.      At all times material hereto, Plaintiffs BENJAMIN FREDERICK MCCRAY and BOBBY LEE BOLT were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3.      At all times material hereto, Defendant, FLORIDA MOVING & STORAGE, INC. D/B/A RAPID MOVERS, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of moving and storing items, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along

1

with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4.      Defendant, CHRISTOPHER TRAINI, is a resident of Miami-Dade County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, FLORIDA MOVING & STORAGE, INC. D/B/A RAPID MOVERS; said Defendant acted and acts directly in the interests of Defendant, FLORIDA MOVING & STORAGE, INC. D/B/A RAPID MOVERS, in relation to said co-Defendant's employees. Defendant effectively dominates FLORIDA MOVING & STORAGE, INC. D/B/A RAPID MOVERS administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, CHRISTOPHER TRAINI was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

5.      Defendant, AMY BRANIGAN, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, FLORIDA MOVING & STORAGE, INC. D/B/A RAPID MOVERS; said Defendant acted and acts directly in the interests of Defendant, FLORIDA MOVING & STORAGE, INC. D/B/A RAPID MOVERS, in relation to said co-Defendant's employees. Defendant effectively dominates FLORIDA MOVING & STORAGE, INC. D/B/A RAPID MOVERS administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, AMY BRANIGAN was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

6.      In justifiable reliance upon Defendants' representations and promises, Plaintiff BENJAMIN FREDERICK MCCRAY accepted employment and began working for Defendants as a mover and driver.

2

7.      In justifiable reliance upon Defendants' representations and promises, Plaintiff BOBBY LEE BOLT accepted employment and began working for Defendants as a mover, driver, and supervisor.

8.      During Plaintiffs' employments, Defendants did not pay Plaintiffs the full and proper overtime wages of 1.5 times Plaintiffs' regular hourly rates for all hours worked over 40 each week.

9.      The records, if any, concerning the date range of Plaintiffs' employment, the number of hours Plaintiffs actually worked, and the compensation actually paid to Plaintiffs are in the possession and/or control of Defendants; however, Plaintiffs have attached Statements of Claims as <u>Exhibit A</u> and <u>Exhibit B</u> to provide initial estimates of the damages. These amounts may change as Plaintiffs engage in the discovery process.

10.     Defendants have knowingly and willfully refused to pay Plaintiffs all of their wages.

11.     Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

12.     Plaintiffs have retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**<u>VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")</u>**
**<u>ALL DEFENDANTS</u>**

13.     Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-12 above as if set forth herein in full.

14.     Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

15.     Plaintiffs seek recovery of damages as referenced above and further seek interest, costs,

and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus

costs, reasonable attorneys' fees, and such other remedy as the Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____

Elliot Kozolchyk, Esq.
Bar No.: 74791

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on November 18, 2015 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

_____

Elliot Kozolchyk, Esq.

**SERVICE LIST**
Adi Amit, Esq.
Lubell & Rosen, LLC
*Attorney for Defendants*
200 S. Andrews Avenue, Suite 900
Fort Lauderdale, Florida 33301
Phone: (954) 880-9500
Fax: (954) 755-2993
E-mail: adi@lubellrosen.com

4