**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                                  Case No.: 16-19652-BKC-JKO

FLORIDA MOVING & STORAGE, INC.,                 Chapter 11

      Debtor.
_____/

**UNITED STATES TRUSTEE'S EMERGENCY MOTION TO DISMISS OR**
**CONVERT CASE AND REQUEST FOR AN EXPEDITED HEARING**
*(Expedited Hearing Requested)*
**The basis for the emergency request is that the Debtor has**
**failed to provide proof of worker's compensation insurance for**
**its employees.**

Guy G. Gebhardt, Acting United States Trustee for Region 21, pursuant to 11 U.S.C. § 1112(b), respectfully moves this Court to enter an order dismissing or converting this case, and in support thereof states as follows:

1. On July 11, 2016 (the "Petition Date"), Florida Moving & Storage, Inc. (the "Debtor"), filed a petition for relief under Chapter 11 of the Bankruptcy Code.

2. The United States Trustee has not appointed a committee of unsecured creditors as of the date of filing of the instant motion.

3. The United States Trustee has not appointed a committee of unsecured creditors as of the date of filing of the instant pleading.

4. On July 14, 2016, the United States Trustee sent correspondence to Debtor's counsel explaining the requirements under the *United States Trustee's Operating Guidelines And Reporting Requirements For Debtors In Possession And Trustees* ("Guidelines") and requesting that the Debtor submit all information required by the Guidelines within fourteen (14) days of the Petition Date (May 19, 2015).

1

5. That letter provided that failure to comply with the Guidelines could result in motions to dismiss or convert this case, for the appointment of a chapter 11 trustee or examiner, and/or for the imposition of sanctions.

6. At the intial debtor interview ("IDI") on August 2, 2016, the United States Trustee informed the Debtor that it needed to provide all missing documents and/or information (the "Guideline Documents"), including proof of insurance.

7. Following the IDI, on August 3, 2016, the United States Trustee again requested all missing Guideline Documents, including proof of worker's compensation insurance for the Debtor's employees.

8. At the Section 341 Meeting of Creditors on August 4, 2016, the Debtor was again reminded that it needed to produce all outstanding Guideline Documents, in particular proof of worker's compensation insurance.

9. However, as of the date of filing the instant motion, the United States Trustee has still not received proof that the Debtor maintains worker's compensation insurance for its employees.

10. The Debtor's most recent monthly operating report ("MOR") reflects negative cash profit.

11. Additionally, the bank statement attached to the MOR reflects multiple NSF charges.

## **RELIEF REQUESTED**

12. By way of this Motion, the United States Trustee seeks dismissal or conversion of this case.

13. Dismissal or conversion of Chapter 11 cases is governed by Section 1112(b), which provides that a bankruptcy court shall convert or dismiss a case,

whichever is in the best interests of creditors and the estate, if the movant establishes cause.

    14.    The term "cause" is not defined by the Bankruptcy Code, but Section 112(b)(4) lists sixteen (16) examples of cause which justify dismissal or conversion:

> A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
> (E) failure to comply with an order of the court;
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
> (K) failure to pay any fees or charges required under chapter 123 of title 28;
> (L) revocation of an order of confirmation under section 1144;
> (M) inability to effectuate substantial consummation of a confirmed plan;
> (N) material default by the debtor with respect to a confirmed plan;
> (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
> (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

*See* 11 U.S.C. § 1112(b)(4).

15. In this case, the record supports a finding of cause, at a minimum, under:

a. §1112(b)(4)(A) where there appears to be no likelihood of a successful reorganization, where the Debtor is continuing to incur the administrative expenses of a chapter 11 at the same time that the Debtor's most recent MOR reflects an inability to fund a reorganization plan;

b. §1112(b)(4)(C) where the Debtor has failed to provide the United States Trustee with proof of worker's compensation insurance where failure to maintain such insurance could create significant liability for the estate.

16. Pursuant to Bankruptcy Rules 2002 and 9006, the United States Trustee requests that the required notice period be shortened and that an expedited hearing be scheduled at such date and time as this Court deems appropriate.

WHEREFORE, the United States Trustee the United States Trustee respectfully requests (i) the entry of an order dismissing the above-captioned chapter 11 case, or converting this case to a case under chapter 7; (ii) an expedited hearing at such date and time as the Court deems appropriate; and (iii) such other and further relief as may seem just and proper.

DATED:   September 1, 2016.

    Guy G. Gebhardt
    Acting United States Trustee
    Region 21

    /s/   Zana M. Scarlett
    Zana M. Scarlett, Trial Attorney
    Florida Bar No.: 626031
    U.S. Trustee=s Office
    51 SW 1st Ave., Room 1204
    Miami, FL 33130
    Phone: (305) 536-7285
    Fax: (305) 536-7360

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served on the following parties on September 1, 2016, electronically through CM/ECF, on parties having appeared electronically in the instant matter and that a copy hereof shall be served by U.S. Mail, postage prepaid, on parties not appearing electronically as listed on the attached service list:

Chad T Van Horn     Chad@cvhlawgroup.com , jay@cvhlawgroup.com , chad@ecf.inforuptcy.com, susan@cvhlawgroup.com, Milagros@cvhlawgroup.com, terri@cvhlawgroup.com, state@cvhlawgroup.com, martha@cvhlawgroup.com, g2320@notify.cincompass.com, greg@cvhlawgroup.com

Scott R Karp
1801 N. Military Trail #160
Boca Raton, FL 33431

                                                          /s/     Zana M. Scarlett
                                                     Zana M. Scarlett, Trial Attorney